IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TYLER STANLEY,

    Plaintiff,

v.

CATHY JESS, ET AL.,

    Defendants.

OPINION and ORDER

Case No. 19-cv-22-slc

*Pro se* plaintiff Tyler Stanley, a prisoner at Green Bay Correctional Institution (GBCI), has sued a group of GBCI employees and the Wisconsin Department of Corrections Secretary Cathy Jess, in her official capacity, on Eighth Amendment deliberate indifference claims based on the care Stanley received for an infected tooth. Now before the court are defendants' motion to transfer this case to the Eastern District of Wisconsin (dkt. 45), and plaintiff's motions seeking recruitment of counsel (dkt. 32, 41, 47). I am denying both of these motions without prejudice

Defendants bring their motion to transfer under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other court where it might have been brought." *Id.*; *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). "The statute permits a 'flexible and individualized analysis.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Defendants bear the burden of establishing that the proposed new venue is clearly more convenient. *Coffey*, 796 F.2d at 219.

This lawsuit could have been filed in the Eastern District of Wisconsin, since the majority of the defendants reside there, and the relevant events all took place at GBCI, which is in the Eastern District. For that reason, I agree with defendants that almost all of the factors for consideration warrant transfer to the Eastern District. As for the convenience of the parties and potential witnesses, most of them (including Stanley) reside either in Green Bay, which is within the Eastern District of Wisconsin, or elsewhere within the Eastern District. It appears that the only defendant residing in this district is Jess, but she has been included as a defendant only to ensure that Stanley receives any injunctive relief that is ordered, so her involvement in this lawsuit will be minimal. All of the events comprising Stanley's claims took place during his incarceration at GBCI, and that is where all of the institution records and Stanley's medical records are located. As such, when it comes to trial, the Eastern District of Wisconsin's Green Bay Division is decidedly the most convenient venue.

The interest of justice factor, however, does not favor transfer, at least not yet. In evaluating this factor, the court considers the "efficient administration of the court system," and focuses on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. The bottom line is that there are no inefficiencies inherent in this court keeping this case through a decision on any summary judgment motion(s) and *then* transferring it to Green Bay if a trial still is

necessary. To forestall a scheduling disconnect, at the telephonic preliminary pretrial conference I will set a trial date that works for the court in Green Bay. I am willing to follow this case up to Green Bay and preside over the trial if that would be more efficient, but that's not a decision that needs to be made yet.

Next, Stanley has requested assistance in recruiting counsel in various motions. (Dkt. 32, 41, 47.) At this stage in the proceedings, it is too early to determine whether the legal and factual complexity of this case exceeds Stanley's ability to litigate it. Thus far, while litigating this case appears to be challenging for Stanley, he has handled it adequately. Stanley has been able to file a readable complaint, has come to the court seeking various forms of relief, and he has properly identified four Doe defendants and has amended his complaint to add them. While Stanley has raised concerns about GBCI staff moving his materials off-site, his willingness to file motions suggests that he can advocate effectively for himself. Indeed, if Stanley's materials that have been moved off site relate to his claims in this lawsuit, then he should be able to access them by requesting to review his documents through the proper channels at GBCI or by serving defendants with requests for production of documents pursuant to Federal Rule of Civil Procedure 34. Accordingly, I am denying his motions without prejudice at this time. Stanley may renew his request for assistance in recruiting counsel if, as this case continues to proceed in the Eastern District of Wisconsin, the demands of this case clearly exceed Stanley's abilities.

ORDER

IT IS ORDERED that:

1) Defendants' motion to transfer to the Eastern District of Wisconsin (dkt. 45) is DENIED without prejudice.

2) Plaintiff Tyler Stanley's motions for assistance in recruiting counsel (dkts. 32 & 47) are DENIED without prejudice.

Entered this 28th day of June, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge