IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TYLER STANLEY,

    Plaintiff,

v.

CATHY JESS, ET AL.,

    Defendants.

OPINION and ORDER

Case No. 19-cv-22-slc

*Pro se* plaintiff Tyler Stanley, a prisoner at Green Bay Correctional Institution (GBCI), is proceeding against defendants on Eighth Amendment deliberate indifference claims based on the care Stanley received for an infected tooth. Stanley has renewed his request for assistance in recruiting counsel (dkt. 52), defendants have filed a motion for summary judgment on the ground that Stanley failed to exhaust his administrative remedies (dkt. 53), and Stanley concedes that he did not exhaust (dkt. 59). For the reasons that follow, I am granting defendants' motion, denying Stanley's motion, and dismissing Stanley's claims without prejudice.

OPINION

I.     **Exhaustion of Administrative Remedies (dkt. 53)**

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, a prisoner also must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v.*

*Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), that are "in the place . . . at the time, [as] the [institution's] administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). If a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

To exhaust state administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code § DOC 310. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). The complaint may "[c]ontain only one issue per complaint, and shall clearly identify the issue." *Id.* § 310.09(e). If the institution complaint examiner rejects a grievance for procedural reasons without addressing the merits, then an inmate may appeal the rejection. *Id.* § 310.11(6). If the complaint is not rejected, then the institution examiner makes a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.11(6). The offender complaint is then decided by the appropriate reviewing authority, whose decision can be appealed by the inmate to a correctional

2

complaint examiner ("corrections examiner"). *Id.* §§ 310.12, 310.13. The corrections examiner then makes a recommendation to the Secretary of the Department of Corrections, who takes final action. *Id.* §§ 310.13, 310.14.

Before an inmate may file an inmate complaint with an ICE, the inmate must attempt to resolve the matter informally by following the designated process specific to the subject of the complaint, which may require the inmate to discuss the matter directly with prison staff. Wis. Admin Code DOC § 310.07(1). That provision also provides that ICE "may request inmates to provide evidence of having followed the specific process." *Id.*

On December 26, 2018, Stanley filed an inmate complaint about needing his tooth repaired. An Inmate Complaint Examiner ("ICE"), Jodene Perttu returned it to Stanley with the instruction to provide proof that Stanley had addressed the issue with the head of the prison's dentistry, Dr. Lee, and that he was not satisfied with Lee's response to his request to have his tooth repaired. Perttu's response letter noted that the submission was not accepted. Also that day, Stanley sent Warden Pollard an inmate complaint regarding his tooth. However, that complaint was returned to Stanley without addressing Stanley's complaints. Afterwards, there is no record that Stanley followed up with the ICE by submitting proof that he discussed his tooth issues with the dentist, and Stanley did not resubmit his inmate complaint. Between December 21, 2018, and January 29, 2019, ICE accepted eight other inmate complaints from Stanley related to other issues.

Stanley agrees that he did not actually follow the directions he received about how to informally resolve his complaint about how his tooth infection was handled before filing an inmate complaint about it, but he asks that I deny defendants' motion because he has a strong

3

claim. That's not the way it works. The merit of the claim is irrelevant to whether the prisoner properly exhausted. *See Perez*, 182 F.3d at 535 ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits.").

Wis. Admin. Code DOC § 310.07(1) requires prisoners to attempt to informally resolve their issue with the relevant staff, and ICE may request inmates to provide evidence that the inmate actually engaged in that process. There is no dispute that Stanley failed to discuss his complaint with Dr. Lee. Therefore, defendants carried their burden of proving that Stanley failed to follow those procedures. Accordingly, I am granting defendants' motion for summary judgment, and dismissing Stanley's claims in this lawsuit without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

## II. Motion for Assistance in Recruiting Counsel (dkt. 52)

In his renewed motion for assistance in recruiting counsel, which Stanley filed before defendants' filed their motion for summary judgment, Stanley explains that he reviewed the court's preliminary pretrial conference order and does not understand the procedures it outlines, and that his mental health issues continue to prevent him from meeting the needs of this lawsuit. I'm not persuaded that the legal and factual difficulty of responding to defendants' motion exceeded Stanley's abilities. *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc) (the central question in deciding whether to request counsel for an indigent civil litigant is "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself").

Generally speaking, exhaustion motions do not merit recruitment of counsel because such motions rarely involve complicated factual disputes, it is defendants' burden to prove the failure to exhaust, and the law is straightforward. Defendants' motion here follows that general rule. Indeed, there are no factual disputes: Stanley concedes that he failed to follow the ICE's directive to attempt to resolve his dispute informally, and he did he re-file an inmate complaint, much less go through the required appeal process. Further, Stanley's request that the court overlook his failure to exhaust because his claim has substantive merit suggests that Stanley understood how he needed to respond to defendants' motion and realized that he had no response to offer. Recruitment of counsel would not have saved Stanley's claims.

ORDER

IT IS ORDERED that:

1) Plaintiff Tyler Stanley's renewed motion for assistance in recruiting counsel (dkt. 52) is DENIED.

2) Defendants' motion for summary judgment (dkt. 53) is GRANTED, and plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

3) The clerk of court is directed to enter judgment and close this case.

Entered this 27th day of September, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge